1 **WO**
2
3
4
5
6 # IN THE UNITED STATES DISTRICT COURT
7 # FOR THE DISTRICT OF ARIZONA
8

| Dessie M Bridges, | No. CV-17-04148-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Dessie Bridges seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her disability insurance benefits and supplemental security income under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. The Court finds that the administrative law judge's ("ALJ") decision is based on reversible legal error, and will remand for further proceedings.

**I.  Background.**

Plaintiff is a 53 year old female who previously worked as an administrative aide, home health aide, and caregiver-companion. A.R. 33, 160. Plaintiff applied for disability insurance benefits and supplemental security income in April 2013, alleging disability beginning on April 29, 2012. A.R. 23. On April 6, 2016, Plaintiff testified at a hearing before an ALJ. *Id.* A vocational expert also testified. *Id.* On May 11, 2016, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. A.R. 23-33. This became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on September 13, 2017. A.R. 1-5.

## II. Legal Standard.

The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* In determining whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination. *Id.* "The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] substantial rights." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) she is not currently working, (2) she has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") prevents her performance of any past relevant work. If the claimant meets her burden through step three, the Commissioner must find her disabled. If the inquiry proceeds to step four and the claimant shows that she is incapable

of performing past relevant work, the Commissioner must show at step five that the claimant is capable of other work suitable for her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2019, and had not engaged in substantial gainful activity since April 29, 2012. A.R. 25. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with stenosis; degenerative joint disease; bilateral knee pain, status post arthroscopy; and obesity. A.R. 26. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. A.R. 29. At step four, the ALJ found that Plaintiff had the RFC to perform light work with some additional limitations and was able to perform her past relevant work as an administrative aide. A.R. 29, 32-33.

**IV. Analysis.**

Plaintiff makes three arguments: (1) the ALJ erroneously discredited Plaintiff's symptom testimony, (2) the ALJ erroneously rejected a nurse practitioner's opinion, and (3) the ALJ erroneously credited the opinions of non-examining physicians. Doc. 12 at 9-25.

**A. Plaintiff's Symptom Testimony.**

In evaluating a claimant's symptom testimony, the ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). The claimant is not required to show that her impairment could reasonably be expected to cause the severity of her alleged symptoms, only that it could reasonably have caused some degree of the symptoms. *Id.*

Second, if there is no evidence of malingering, the ALJ may reject the claimant's symptom testimony only by giving specific, clear, and convincing reasons. *Id.*[1]

The ALJ summarized Plaintiff's alleged symptoms: (1) constant low back and knee pain that limits her ability to sit, stand, walk, squat, bend, kneel, climb stairs, and complete chores; (2) impaired concentration that impedes her ability to follow instructions; (3) panic attacks; (4) depression; and (5) the need to "lie down more than once [per] day for one to two hours." A.R. 30. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence. A.R. 31. The ALJ explained: "To some extent, the alleged severity of the claimant's pain and limitations were less than consistent with her reported daily activities, her recent work history, and her treatment records." A.R. 31. Plaintiff disputes each of these three reasons.

### 1. Daily Activities.

An ALJ may reject a claimant's symptom testimony if it is inconsistent with the claimant's daily activities. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). But "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. Thus, an ALJ may use a claimant's daily activities to discredit symptom testimony only if the activities contradict the claimed limitations, or the claimant "spend[s] a *substantial* part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (emphasis added).

---

[1] Defendant opposes the clear and convincing standard of review (Doc. 13 at 5 n.1), but the Ninth Circuit has held that Defendant's position "lacks any support in precedent and must be rejected," *Garrison*, 759 F.3d at 1015 n.18.

To support her conclusion that Plaintiff's daily activities are inconsistent with her alleged symptoms, the ALJ offered a four-sentence recitation of those activities. A.R. 31. Plaintiff contends that this reasoning is insufficient (Doc. 12 at 14), and the Court agrees. The ALJ did not find that Plaintiff spent a substantial part of her day performing these activities. Nor did the ALJ explain why Plaintiff's activities were inconsistent with her claimed limitations. The Court cannot conclude that this is a clear and convincing reason to reject Plaintiff's symptom testimony.[2]

### 2. Recent Work History.

The ALJ concluded that Plaintiff's symptom testimony is inconsistent with "her recent work history" (A.R. 31), but Plaintiff contends that the ALJ failed to address her work history whatsoever (Doc. 12 at 14). Defendant counters that that ALJ noted elsewhere in her opinion that Plaintiff took part-time work after the alleged onset of disability. Doc. 13 at 10. Granted, the ALJ may have noted Plaintiff's part-time work elsewhere in her decision, but in her analysis of Plaintiff's credibility the ALJ neither cited to the record nor explained how Plaintiff's recent work history undermines her symptom testimony. The Court cannot conclude that this is a clear and convincing reason to reject Plaintiff's symptom testimony.

### 3. Treatment Records.

The ALJ concluded that Plaintiff's symptom testimony is inconsistent with "her treatment records" (A.R. 31), but Plaintiff contends that the ALJ failed to address her treatment records whatsoever (Doc. 12 at 14). Defendant counters that the treatment records support the ALJ's conclusion. Doc. 13 at 7-8. Whatever the treatment records might reflect, the ALJ did not cite them in her analysis of Plaintiff's symptom testimony. Nor did she explain how Plaintiff's treatment records undermine her symptom testimony.

---

[2] Plaintiff argues that the ALJ's description of the daily activities is not supported by the portions of the record the ALJ cited. Doc. 12 at 12-13. Because the ALJ erred by failing to tie the alleged activities to Plaintiff's symptom testimony, the Court need not address this argument.

The Court cannot conclude that this is a clear and convincing reason to reject Plaintiff's symptom testimony.[3]

### 4. Whether Error was Harmless.

Because none of the ALJ's reasons is clear and convincing, the ALJ erred in discrediting Plaintiff's testimony regarding the severity of her symptoms. *See Revels*, 874 F.3d at 655. Plaintiff testified that she needed to "lie[] down more than once [per] day for one to two hours" (A.R. 30), and the vocational expert testified that a hypothetical claimant with such a limitation would be unable to work (A.R. 56-57). The Court therefore cannot conclude that the ALJ would have reached the same ultimate conclusion had she properly evaluated Plaintiff's symptom testimony. The ALJ's error was not harmless.

### B. Nurse Practitioner Kotsis.

Leslie Kotsis, ANP-C, is a nurse practitioner who completed a two-page RFC questionnaire in March 2016. A.R. 978-79. Kotsis opined that Plaintiff suffered from constant and severe pain that was precipitated by changing weather, movement, stress, hormonal changes, cold, heat, humidity, static positions, and general activity. A.R. 978 (the only factor that does not precipitate pain was allergy). Kotsis also opined that Plaintiff frequently experienced deficiencies of concentration, persistence, or pace resulting in an inability to complete tasks in a timely manner. A.R. 979. The ALJ discredited Kotsis' opinion for two reasons (A.R. 32), and Plaintiff challenges both of them (Doc. 12 at 19-22).[4]

---

[3] Plaintiff contends that this reason is also error because she need not present objective medical evidence of the severity of her symptoms. Doc. 12 at 11-12. Because the ALJ erred by failing to identify any medical records, the Court need not address this argument.

[4] Plaintiff appears to argue that the ALJ erroneously rejected Kotsis' opinion by comparing it to the opinions of two state agency reviewing physicians. Doc. 12 at 22. The ALJ addressed each medical opinion in the same section of her decision (A.R. 31-32), but Plaintiff does not cite any language from the decision to suggest that the ALJ actually relied on the non-examining physicians to reject Kotsis' opinion (Doc. 12 at 22).

The Social Security Regulations differentiate between "acceptable" medical sources, which include licensed physicians, psychologists, optometrists, and podiatrists, and "other" medical sources, which include nurse-practitioners, physicians' assistants, and public and private social welfare agency personnel. 20 C.F.R. § 404.1527(b), (f); SSR 06-03p.[5] An ALJ may discount an "other" source if the ALJ provides "germane" reasons. *Revels*, 874 F.3d at 655. The Ninth Circuit has found it sufficient if an "ALJ at least noted arguably germane reasons for dismissing [other source] testimony, even if [she] did not clearly link [her] determination to those reasons." *Lewis*, 236 F.3d at 512. Germane reasons will only be legally sufficient, however, if they are supported by substantial evidence in the record. *See Smith v. Berryhill*, --- F. App'x ---, 2018 WL 3490691, at *2 (9th Cir. July 20, 2018); *Hahn v. Berryhill*, 722 F. App'x 602, 604 (9th Cir. 2017); *Belcher v. Berryhill*, 707 F. App'x 439, 440-41 (9th Cir. 2017).

### 1. First Reason.

The ALJ first reasoned that Kotsis' opinions are "highly inconsistent" with treatment notes reflecting that Plaintiff presented for medical appointments in "no apparent distress." A.R. 32. Specifically, the ALJ cited treatment notes from February 1 and 23, 2016, which reflect that Plaintiff was in no distress. A.R. 868, 986. Plaintiff contends that it is error to rely on isolated findings of "no apparent distress" to "detract from the overall severity of [her] condition." Doc. 12 at 19-20. Defendant counters that this inconsistency is a germane reason to discredit Kotsis' opinion. Doc. 13 at 13. The Court agrees with Defendant.

This Court has previously held that an observation of no apparent distress is not a clear and convincing reason to reject a claimant's symptom testimony. *See Dorsett v. Colvin*, No. CV-16-01101-PHX-DGC, 2017 WL 840694, at *17 (D. Ariz. Mar. 3, 2017). A person may be disabled without constantly appearing unhealthy or in acute distress. *Id.*

---

[5] The Social Security Regulations have recently been amended so that, among others, advanced practice registered nurses and physician's assistants will be considered acceptable medical sources for claims brought after March 27, 2017. *See* 20 C.F.R. § 404.1502(a)(7). Because Plaintiff filed her claim before this date, the amendment does not apply.

- 7 -

But the ALJ need not meet the clear and convincing standard to reject Kotsis' opinion. The opinion describes someone who is disabled by constant and severe pain precipitated by any level of activity or change in weather. A.R. 978-79. This opinion was undermined by medical observations that Plaintiff was in no apparent distress. And Plaintiff does not identify specific evidence that counters the ALJ's conclusion that Plaintiff consistently appeared in no apparent distress. *See* Doc. 12 at 19 n.11 (stating without citation that these records "are not representative of [Plaintiff's] overall condition"). The Court finds that the ALJ provided a germane reason supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**2. Second Reason.**

The ALJ next asserted that Kotsis' opinion is contradicted by her own treatment records. A.R. 32. Kotsis repeatedly noted Plaintiff's allegations of maximum pain that medication could not alleviate. A.R. 32 (citing A.R. 779, 783, 787, 790). Yet Kotsis also consistently noted that Plaintiff's pain was "moderate to severe without pain medication but controlled by at least 30-50% on most days with pain medication." A.R. 32 (citing A.R. 782, 786, 790). Plaintiff offers three arguments, but Defendant does not respond to them. Defendant instead emphasizes that inconsistency is a germane reason to discredit Kotsis' opinion. Doc. 13 at 13.

Plaintiff first contends that the ALJ cannot find a contradiction in attempts to quantify pain levels. Doc. 12 at 20-21. Because such quantification is an imperfect science, Plaintiff argues, it is error to rely on quantification in discrediting Kotsis' opinion. *Id.* Although subjective descriptions of pain are not objective medical evidence, the ALJ did not identify a minor contradiction between 7/10 pain and 8/10 pain. The ALJ identified an inconsistency between simultaneous descriptions of 10/10 pain even with medication and Kotsis' observations that Plaintiff's pain was "moderate to severe without pain medication but controlled by at least 30-50% on most days with pain

medication." A.R. 32. Quantifying pain may be an imprecise exercise, but these assertions clearly are inconsistent.

Plaintiff next argues that the ALJ erroneously interpreted Kotsis' observation of controlled pain as a finding of improved symptoms. Doc. 12 at 21. Plaintiff cites authority for the proposition that a "stable" condition does not imply improvement, but identifies no authority for the assertion that "controlled pain" does not imply improvement. *Id.* at 21-22. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. Plaintiff may disagree with the ALJ's reading of Kotsis' observation, but the Court concludes the ALJ's interpretation of pain "control" is reasonable.

Plaintiff finally contends that inconsistencies in the treatment notes cannot undermine Kotsis' opinions about Plaintiff's work capacities because "treatment notes are not intended to document patients' functional capacities." Doc. 12 at 22. Plaintiff cites no authority for this proposition, and the Ninth Circuit has held that inconsistency with the medical evidence is a germane reason to discredit a nurse practitioner's opinion. *Bayliss*, 427 F.3d at 1218.

The Court finds that the ALJ provided germane reasons supported by substantial evidence in the record in rejecting Kotsis' opinion.

**C.    State Agency Reviewing Physicians.**

The ALJ accorded great weight to the opinions of state agency reviewing physicians that Plaintiff was capable of performing some range of light work and therefore was not disabled. A.R. 31. Plaintiff contends that this was error because the "ALJ did not provide citation to specific medical evidence of record in support of this conclusion[.]" Doc. 12 at 22. Defendant does not respond to this argument. *See* Doc. 13.

Plaintiff cites no authority for the proposition that an ALJ commits error merely by crediting a physician's opinion. *See* Doc. 12 at 22-24 (citing 20 C.F.R. § 404.1527(c)

(describing relevant factors). Nor does Plaintiff contend that the non-examining physician opinions are totally unsupported by the record.[6] Plaintiff appears to ask the Court to reweigh the medical evidence in favor of Kotsis (Doc. 14 at 3), but the Court declines to do so. "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

## V. Scope of Remand.

The ALJ erred in her consideration of Plaintiff's symptom testimony. Plaintiff contends that, crediting her testimony as true, the Court must remand for an award of benefits. Doc. 12 at 16-17, 24-25. Defendant counters that the appropriate remedy is a remand for further proceedings. Doc. 13 at 14-15.

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under a "rare exception" to this rule, the Court may remand for an immediate award of benefits after conducting a three-part inquiry:

> The three-part analysis . . . is known as the "credit-as-true" rule. First, we ask whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Next, we determine whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability.

---

[6] Plaintiff argues: "Instead of assigning proper weight to NP Kotsis'[] assessment, the ALJ assigned great weight to the opinions completed by the state agency nonexamining medical consultants. In support, the ALJ only stated 'Aside from their professional expertise in the evaluation of disability claims, their opinions with respect to [Plaintiff] were consistent with the evidence of record taken as a whole.' The ALJ did not provide citation to specific medical evidence of record in support of this conclusion, again falling short of the ALJ's duty to fully evaluate the medical evidence and provide a thorough explanation and basis for his reasoning." Doc. 12 at 22 (citations omitted). But Plaintiff cites no authority to suggest that an ALJ may credit the opinion of a non-examining doctor only if she cites portions of the record that support the opinion.

*Id.* (internal quotation marks and citations omitted). *Leon* emphasized that the Court has discretion to remand for further proceedings even if it reaches the third step in the process. *Id.* "Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* (quotation marks omitted).

Applying step two of the Ninth Circuit's test, the Court concludes that outstanding issues must be resolved before a disability determination can be made. The ALJ properly discredited Kotsis' opinion, and Plaintiff has not provided a basis for finding error in the ALJ's reliance on the opinions of non-examining physicians. But the ALJ did err in discrediting Plaintiff's symptom testimony, which creates an unresolved issue: how should that testimony be weighed against the lack of credibility in Kotsis' opinion and the opinions of the non-examining physicians? The Court concludes that further proceedings on these issues would be useful, and will remand for such proceedings.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this action.

Dated this 7th day of September, 2018.

David G. Campbell
Senior United States District Judge